IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NANCY IANNITELLI, | ) | NO.05-975 GK |
| 107 LELY COURT | ) | |
| NAPLES, FL 34113 | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | RESPONSE TO ORDER TO |
| | ) | SHOW CAUSE |
| Vs | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| DEPARTMENT OF THE INTERIOR | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

RESPONSE TO ORDER TO SHOW CAUSE

**Introduction**

A failure to include plaintiff's address in the caption of the complaint led, in circuitous fashion, to this pleading, in which plaintiff requests that the court find, in the alternative, that plaintiff's time to serve summons has not run, that there is good cause for delay, or that the court should extend time to serve summons. This is a critical decision, since dismissal would forever bar plaintiff's cause of action under the Federal Tort Claims Act, the statute of limitations having run during the pendency of the action.

Plaintiff has filed a corrected complaint, served summonses, and filed proof of service. In this response, plaintiff addresses the court's Order to Show Cause.

The court must decide whether plaintiff Nancy Ianitelli has "Good Cause" for delay in serving summons. If "Good Cause" exists, the Order to Show Cause should be discharged. Under Rule 4(m), if plaintiff demonstrates good cause for the failure of timely service, the court must extend the time for service. If plaintiff fails to demonstrate good cause, the court may, nevertheless, extend the time for service in the exercise of its discretion.[1]

If the court fails to find "Good Cause" for failure to serve within the 120 period, then the court must decide whether time for service of summons should be extended for other reasons. Even in the absence of good cause, a court may, in its discretion, extend the time for service.[2]

Factors the court should consider in deciding whether to grant a discretionary extension include: (1) whether the statute of limitations has run; (2) whether the complaint is frivolous; (3) whether the plaintiff is objectively unreasonable; and (4) whether the plaintiff has an improper motive for pursuing the claim.[3]

---

[1] See *Blandford v. Broome County Gov't*, 193 F.R.D. 65, 68 (N.D.N.Y. 2000); *Husowitz v. American Postal Workers Union*, 190 F.R.D. 53, 57 (E.D.N.Y.1999); *Lloyd v. Alpha Phi Alpha Fraternity, Inc.*, 1998 U.S. Dist. LEXIS 6514, 1998 WL 236207, *2 (N.D.N.Y. 1998).

To determine whether good cause exists, a court considers whether plaintiff made reasonable efforts to serve defendant and whether defendant has been prejudiced by the delay. See *Lloyd*, 1998 WL 236207, at *2. Where good cause does not exist, the court, in determining whether to exercise its discretion to extend the time for service, considers whether the applicable statute of limitations would bar a re-filed action; whether defendant had actual notice of the claims asserted in the complaint; whether defendant had attempted to conceal a defect in service; and whether defendant would be prejudiced by an extension. See *Blandford*, 193 F.R.D. at 68.

[2] Petrucelli v. Bohringer 46 F.3d at 1305.

[3] Sun Healthcare Group, 2004 Bankr. LEXIS 572, 2004 WL 941190, at * 4; Lenox Healthcare, 311 B.R. at 408.

Here, plaintiff notes that dismissal would bar the action because of the statute of limitations. Further, plaintiff argues that this is a meritorious matter, not frivolous, that plaintiff has timely met all of the other requirements of the tort claims act, that defendant has had actual notice of the claim accompanied by supporting evidentiary material, and that there is no prejudice to defendant in allowing the action to go forward.

### A. Plaintiff contends that the need to correct errors in the initial filing constitutes "Good Cause" for delaying service until after those errors were corrected.

Unfortunately, there were a number of errors in the original filing of the complaint, and the Deputy clerk issued a "Return Document Letter" addressing the problems.

These were: 1) There was a failure to put the address of the plaintiff in the caption pursuant to local rule 5.1(e). 2) Not enough summonses were submitted. The clerk advised that the government agency (Department of the Interior), U.S. Attorney, and U.S. Attorney General each need their own summons, and 3) The summons provided for 20 days for defendant to answer, rather than 60.

A case number was assigned, and documents were returned with an Initial Electronic Case Filing Order. The clerk corrected the time for defendant to answer the summons to 60 days, from 20, as appropriate for a governmental defendant.

Plaintiff's counsel's legal assistant spoke with Deputy Clerk Maureen Higgins regarding the manner in which to handle these issues. He was instructed to prepare an errata sheet and to file a replacement complaint. He was told to prepare new summonses, so that each identified the service to be made, and the address of the recipient. The initial filing included a summons for the United State of America through its agency The Department of Interior. Additional summonses needed to be issued for the United States Attorney General, and for the United States Attorney for the District of Columbia.[4]

In conversation between an assistant for plaintiff's counsel and Deputy Clerk Maureen Higby, plaintiff's clerk was advised that the corrected summonses needed to be mailed to the clerk, that at that time they would be re-stamped, and that this would re-start the 120 time period for service. [5] Plaintiff does not want to imply that the Deputy Clerk had any responsibility for delay. However, plaintiff wants to provide the court with a complete procedural history. (In fact, the clerk has been helpful in the extreme, and is to be commended for assistance above and beyond the call of duty.)

It did not seem practical or fruitful for plaintiff to serve the summons until after the errata sheet was filed and the additional summonses were issued.

---

[4] This position is held jointly between local government for the District, and the government of the United States.
[5] In reconstructing what occurred, plaintiff's counsel has come to believe that, in the discussions with my assistant, the court clerk did not realize that the original summons had yet to be served.

4

Those matters have now been fully addressed, the additional summonses issued, service made on defendant of all three summonses, and proofs of service have been filed electronically.

Plaintiff contends that this procedural history and these facts and circumstances constitute good cause for the delay.

**B. Should the court fail to find good cause, plaintiff's claims will be time barred. Plaintiff therefore requests the court extend time under Rule 4(m).**

Rule 4(m) differs significantly from prior Rule 4(j) in that, should the court fail to find good cause for delay in service of summons beyond 120 days, it need not dismiss the action, but may extend time for service of summons. The advisory committee notes specifically provide that one reason for extending time for service is to avoid dismissing a complaint where doing so will bar an action because of a statute of limitations. Another is to assist a plaintiff dealing with the need to serve multiple summonses where defendant is the United States.[6]

---

[6] **Notes of Advisory Committee.**

*Note to Subdivision (m).* This subdivision retains much of the language of the present subdivision (j).

The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown. Such relief formerly was afforded in some cases, partly in reliance on Rule 6(b). Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service. E.g., *Ditkof v. Owens-Illinois, Inc.*, 114 F.R.D. 104 (E.D. Mich. 1987). A specific instance of good cause is set forth in paragraph (3) of this Rule, which provides for extensions if necessary to correct

5

Here, plaintiff's action was filed within six months of the March 11, 2005 denial of Ms. Ianitelli's claim pursuant to her Request for Reconsideration under the Federal Tort Claims Act. Plaintiff had until September 11, 2005 to file this action in the District Court.

Therefore, if the court dismisses this action, even without prejudice, Ms. Ianitelli will be forever barred from having her claims heard on the merits.

Of course, the court should not extend time for service of summons in every case that would be barred by the statute of limitations.[7] However, in this action, there are a number of reasons that the court should exercise its discretion to extend time for service of summons.

### 1. This is a meritorious action, not a frivolous one.

Ms. Ianitelli was a passenger in a vehicle hit from behind by a Department of the Interior vehicle being operated by an employee of the Department of the Interior within the course and scope of his employment. Ms. Ianitelli continues to suffer the effects of this

---

oversights in compliance with the requirements of multiple service in actions against the United States or its officers, agencies, and corporations. The district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition. *Robinson v. America's Best Contacts & Eyeglasses,* 876 F.2d 596 (7th Cir.1989).

[7] In Coleman v Cranberry (2001 ND NY) 202 FRD 106 the court suggested that it was appropriate to consider the not only the effect of the statute of limitations, but whether defendant has actual notice of the claims asserted in the complaint, whether defendant attempted to conceal a defect in service, and whether defendant would be prejudiced by an extension of time.

6

accident, and has complied with the Federal Tort Claims Act and subsequent filing of this action in her attempt to receive compensation.

In support of her Tort Claim, plaintiff provided evidence from her Neurologist that she suffered C5-6 Radiculopathy, cervical facet, muscle contraction headache and cervical strain. Objective signs of injury, such as hypesthesia, support her claims. Joseph Kandel, M.D., the treating physician concluded that this caused a 5% permanent impairment of function. There may be dispute in this matter on causation, negligence, and the extent of injury, but there can be no dispute that this is an action worthy of resolution by a fact finder.

Plaintiff Nancy Ianitelli is most sincere in her belief that she is entitled to relief. Ms. Ianitelli very much desires having her case heard on the merits. Neither Ms. Ianitelli, nor her counsel, has ever had any desire other than to fully prosecute her case.

### 2. Defendant had actual notice of the claims made in this action

Plaintiff complied fully with the Federal Tort Claims Act, filing a timely form 95, and providing medical records and bills in support of the claim. Copies of medical bills totaling $6,208.00 were provided. A chiropractic report was included with the tort claims filing.

Defendant's investigator, Peter Gentile, reviewed the file and spoke with plaintiff's counsel.

The initial tort claim was denied.

Plaintiff's condition continued to require treatment, and the medical report from plaintiff's treating neurologist, referred to above, was obtained. A request for reconsideration was timely made.

The request for reconsideration was also denied. This action followed. Again, the action was timely filed.

Because defendant has been provided with information about this claim not once, but twice, defendant has clearly had actual notice of the claims made herein.

**3. There is no material prejudice to defendant in allowing the case to go forward**

Plaintiff and her counsel note that defendant has not been materially prejudiced by the delay, because this action is brought pursuant to the Federal Tort Claims Act, and defendant has been aware of the claim since August, 2004. The delay involved in serving the summons was not great. All three summonses were served within 150 days of the initial filing.

Because of the material provided in conjunction with the Federal Tort Claim and the Request for Reconsideration, defendant is fully aware of Ms. Ianitellis' claims. Because

the claims are documented, the less than 30 day delay does not materially affect the marshalling of evidence, or the recollection of witnesses.

**C. The Court should allow plaintiff additional time for service of summons so that the case may be heard on its merits.**

It is a matter of discretion with the court whether to forever bar plaintiff's action, or whether to allow plaintiff additional time to complete service of summons (as plaintiff has done).

The fact that the statute of limitations would bar refilling usually precludes dismissal for untimely service . . . unless the delay impaired defendant's ability to defend on the merits.[8] The purpose of Rule 4(m) is to assure that defendant will be promptly notified of the lawsuit, thereby preventing possible prejudice resulting from delay, e.g. loss of evidence, dimming of witness' memories, and financial commitments based on not being served.[9]

Many cases have now discussed the change in Rule 4 to make dismissal discretionary with the court. Courts in every circuit have extended time for service of process where, as here, not only would dismissal bar the action, but other factors support the exercise of discretion.

Plaintiff respectfully requests that the court, in the alternative, either:

---

[8] See Boley v. Kaymark (3rd "Circuit 1997) 123 F 3d 756, 758 – denying defendant benefit of the statute of limitations is *not* cognizable prejudice.
[9] Electrical Specialty v. Rod & Ranch (9th Cir 1992) 967 F 2d 309.

1) Find good cause for the delay in service, or;

2) Extend time for service under Rule 4(m) so that the service already made be deemed timely, or;

3) Extend time for service under Rule 4(m) so that plaintiff may re-serve in a timely manner within the next 30 days, or;

4) Allow plaintiff time to make a noticed motion for an extension of time under Rule 6(b), whose standards for extending time differ from those of Rule 4.

Respectfully Submitted.

_____
MICHAEL PADWAY

DC Bar Number 479931
California Bar Number 59824
Michael Padway & Associates
595 Market St. Ste. 2520
San Francisco, CA 94105

Telephone: 415-777-1511
Attorneys for Plaintiff
Nancy Iannitelli