**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NANCY IANNITELLI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No.: 05-0975 (GK) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT**

The United States Department of the Interior, defendant herein, by and through its undersigned attorneys, hereby Answer Plaintiff's Complaint as follows:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.  Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the Defendant in excess of the amount Plaintiff set forth in the administrative claim she presented to the Government.

**THIRD AFFIRMATIVE DEFENSE**

Attorney's fees are only recoverable as part of a judgment and not in addition thereto pursuant to 28 U.S.C. § 2678.

**FOURTH AFFIRMATIVE DEFENSE**

Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Any award to Plaintiff for compensatory damages is subject to the applicable statutory cap, pursuant to 42 U.S.C. § 1981a(b)(3).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages pursuant to 28 U.S.C. § 2674.

## SEVENTH DEFENSE

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

## FACTS

1. Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2. Defendant admits that the U.S. Department of the Interior is a Federal Agency as defined under the Federal Tort Claims Act, 28 U.S.C. §2671. Defendant does not have sufficient information to either admit or deny the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that this action arises from an automobile collision that occurred in the District of Columbia on June 11, 2003. The Defendant denies the remaining allegations included in paragraph 3 of Plaintiff's Complaint.

4. Paragraph 4 of Plaintiff's Complaint is jurisdictional in nature and, therefore, an answer is not required. The extent that an answer is required, Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. Paragraph 5 of Plaintiff's Complaint is jurisdictional in nature and, therefore, an answer is not required. The extent that an answer is required, Defendant admits the allegations contained in paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that Plaintiff submitted a timely claim to the U.S. Department of the Interior, but denies the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant admits the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.  Defendant admits that Plaintiff submitted a request for reconsideration on March 4, 2005.  Defendant denies the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.  Defendant admits that on March 22, 2005 the Department of the Interior denied Plaintiff's request for reconsideration.  Defendant denies all remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10.  Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.  Defendant incorporates by reference the preceding paragraphs as if fully set forth herein response to paragraph 11 of Plaintiff's Complaint.

12.  Defendant admits the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.  Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.  Defendant does not have sufficient information to either admit or deny the allegations contained in paragraph 14 of Plaintiff's Complaint.


**"Requested Relief"**

1.  Paragraph 1 of "Requested Relief" section of Plaintiff's Complaint regards Plaintiff's requested remedy, and therefore, an answer is not required.  The extent that an answer is required, Defendant denies the allegations contained in paragraph 1 of this section of Plaintiff's Complaint.

2.  Paragraph 2 of "Requested Relief" section of Plaintiff's Complaint regards Plaintiff's requested remedy, and therefore, an answer is not required.  The extent that an answer is required, Defendant denies the allegations contained in paragraph 2 of this section of Plaintiff's Complaint.

3.  Paragraph 3 of "Requested Relief" section of Plaintiff's Complaint regards Plaintiff's requested remedy, and therefore, an answer is not required.  The extent that an answer is required, Defendant denies the allegations contained in paragraph 3 of this section of Plaintiff's Complaint.

4.  Paragraph 4 of "Requested Relief" section of Plaintiff's Complaint regards
    Plaintiff's requested remedy, and therefore, an answer is not required.  The extent
    that an answer is required, Defendant denies the allegations contained in
    paragraph 4 of this section of Plaintiff's Complaint.

    WHEREFORE, having fully answered, Defendant prays that this action be

dismissed and that the Court grant such other and further relief as may be appropriate.

    Dated: December 19, 2005

                                    Respectfully submitted,


                                    _____
                                    **KENNETH L. WAINSTEIN, D.C. Bar #451058**
                                    **United States Attorney**


                                    _____
                                    **R. CRAIG  LAWRENCE, D.C. Bar #171538**
                                    **Assistant United States Attorney**


                                    _____
                                    **BENTON G. PETERSON, WI. Bar #1029849**
                                    **Assistant United States Attorney**
                                    **Judiciary Center Building**
                                    **555 4th Street, N.W. – Civil Division**
                                    **Washington, D.C.  20530**
                                    **(202) 514-7238;(202) 514-8780 (Facsimile)**
                                    **Benton.Peterson@usdoj.gov**


OF COUNSEL:
Perri S. Rothemich

Attorney-Adviser
U.S. Department of the Solicitor
Office of the Solicitor
Division of General Law
1849 C Street, N.W.
Washington, D.C. 20240