**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NANCY IANNITELLI,            ) | |
|        Plaintiff,              ) | |
| v.                                     ) | CIV No.: 05-0975 (GK) |
| UNITED STATES OF AMERICA,    ) | |
|        Defendant.            ) | |

**PARTIES' JOINT REPORT**

Pursuant to the Court's December 20, 2005 Order and Fed. R. Civ. P. 26 (f), Plaintiff, Nancy Iannitelli, and Defendant, United States of America, (collectively "the parties") by their undersigned counsel, have conferred and consented to the following discovery plan.

Defendant's brief statement of the case: On June 11, 2003 Plaintiff was a passenger in a limousine traveling eastbound on Constitution Avenue just east of 17th Street. Plaintiff alleges that the limousine she was riding in was rear-ended by a U.S. Park Police Sergeant, and that she suffered personal injury during the motor vehicle accident. Defendant's brief statement of defenses: Plaintiff is unable to show proximate causation between what was documented as a minor motor vehicle accident, with no damage to either vehicle, and her alleged injuries. In addition, the injuries reportedly sustained by Plaintiff are disproportionate to the type of motor vehicle accident she was involved in.

Plaintiff has not yet had access to photographs of the vehicles that are apparently available. However, it is well recognized that, in a finite number of cases, serious injuries can result from low speed impacts. The United States itself recently prepared recommendations for revising headrests based on its conclusion that hyperextension of the neck is NOT necessary for an impact to cause significant injury.

However, plaintiff is concerned that the expense involved in fully litigating a low impact accident is prohibitive in all but the most severe cases. Further, plaintiff believes that there is nothing particularly unusual about this case that would make it necessary to spend those amounts of money in order to evaluate this case. Ultimately, it is plaintiff's belief that the single most critical factor in a low speed rear end collision is the credibility of the plaintiff.

**1.     Likelihood of Disposition by Dispositive Motion**: Parties have not yet decided whether a dispositive motion will be feasible, as no discovery has taken place in this case.

**2.     Joining Additional Parties**:  Parties do not intend to join any additional parties to this litigation.

**3.     Assignment to a Magistrate Judge**: Parties request that this case not be assigned to a Magistrate Judge for all purposes.

**4.     Possibility of Settlement**: Although the parties have not engaged in settlement discussions, the Plaintiff is requesting that the matter be referred for mediation, with the hope that the mediator will allow such discovery as is necessary to facilitate resolution.  Defendant believes that settlement may be possible if information learned during discovery suggests that settlement is warranted.  The Defendant remains open to any reasonable settlement offer.

**5.     Alternative Dispute Resolution**: Plaintiff believes that it is in the economic interest of all parties and the court that ADR be utilized.  Defendant believes that ADR maybe feasible if information learned during discovery suggests that settlement is warranted.  The Defendant remains open to any reasonable offer.

**6.     Motion to Dismiss/Summary Judgment:**  Defendant reserves the right to file a Motion for Summary Judgment within 30 days of the close of discovery.  At this time Defendant is unable to predict whether such a motion will be necessary.  Parties agree that 0ppositions to summary judgment should be filed within 30 days after the motion for summary judgment has been filed and replies 15 days thereafter.

**7.     Initial Disclosures:** The parties agree to exchange initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before February 21, 2006.  Plaintiff notes, as above, that experts other than treating physicians, are quite costly on the issue of causation.  Further, plaintiff has not yet had access to photographs that apparently exist.  Plaintiff believes that expert disclosure, other than for treating physicians, is likely to be a major barrier to disposition of this case, and therefore asks that the court not order expert disclosure at this time as part of the Rule 26(a)(1) exchange.

**8.     Discovery:**  All discovery, except for the deposition of expert witnesses, must be completed on or before August 15, 2006.  The parties agree that neither party shall serve more than thirty (30) interrogatories, including parts and sub-parts nor take more than five (7) non-party, non-expert depositions without leave of court. There should be no limit on either request for production of documents or request for admissions. There might be a need for protective orders to protect medical and personnel files of employees involved.

**9.     Expert Disclosures**: The parties shall make expert disclosures as required by Rule 26 (a) (2) on or before July 26, 2006 for issues on which they bear the burden of proof. Opposing reports shall be due on August 28, 2006.  Expert depositions should take place no later than September 28, 2006.

**10.** **Class Actions**: This case does not involve a class action.

**11.** **Bifurcation of Trial and/or Discovery:** Neither trial or discovery in this case should be bifurcated.

**12.** **Pre-trial Conference:** The date for pretrial conference should be delayed until after the filing of dispositive motions.

13. **Setting of Trial Date:** A trial date should be set at the pretrial conference.

Respectfully submitted,

MICHAEL PADWAY
Attorney for Plaintiff
595 Market Street, Suite 2520
San Francisco, CA 94105

KENNETH L. WAINSTEIN,
DC BAR # 451058
United States Attorney

R. CRAIG LAWRENCE,
DC BAR# 171538
Assistant United States Attorney

BENTON G. PETERSON,
WI Bar # 1029849
Assistant United States Attorney
501 3rd Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 514-7238

Of Counsel:
Perri S. Rothemich
Attorney-Adviser
U.S. Department of the Interior

4