# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **NANCY IANNITELLI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-0975 (GK)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| ——————————————— | ) | |

## DEFENDANT'S  MOTION FOR
## INDEPENDENT MEDICAL EXAMINATION

Pursuant to Federal Rule of Civil Procedure 35 and the Court's December 12, 2007 Order Defendant respectfully requests that this Court Order Plaintiff Nancy Iannitelli to undergo an independent medical examination(IME).  Although Plaintiff has placed her physical condition at issue in this FTCA action, Plaintiff does not consent to this request.  Plaintiff's IME can be conducted at a mutually-convenient time before March 31, 2008.  A Memorandum of Points and Authorities and a proposed Order are attached hereto.

Dated: January 22, 2008

Respectfully Submitted,

———————————————————
 JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_____

RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


_____/s_____

BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. B Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NANCY IANNITELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-0975 (GK) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF
## MOTION FOR AN INDEPENDENT MEDICAL EXAMINATION

## BACKGROUND

On June 11, 2003, Ms. Ianntelli was an unseat-belted passenger in a commercial limousine traveling east on Constitution Avenue. As Ms. Ianntelli's limousine approached 17th Street, an unmarked U.S. Park Police vehicle operated by Sergeant Michael Libby struck the limousine from behind. Both vehicles were traveling between 5 and 10 miles per hour due to heavy traffic on Constitution Avenue. No one complained of any physical injuries at the time of the accident. Several weeks later Ms. Iannitelli contacted the U.S. Park Police claiming she sustained personal injury in the accident.

### *Ms. Iannitelli's Medical Treatment*

A few hours after the accident Ms. Iannitelli sought medical attention at George Washington University Hospital. Later medical reports state that "no x-rays were

taken" in her initial hospital visit.  Upon her return to Naples, Florida, Ms. Iannitelli began medical treatment for alleged pain in her back.  She first saw a chiropractor, Michael Debbs and an acupuncturist at the Healing Arts Center.  Ms. Iannitelli had received treatment from the Healing Arts Center prior to the accident, as evidenced by the bills she submitted to support her tort claim.  She also began treatment by multiple neurologists.  At no point did any physician diagnose Ms. Iannitelli with a specific injury.

In June of 2004 both her neurologist and chiropractor stated that she reached maximum medical improvement.  However, Ms. Iannitelli continued to seek medical treatment.  Her alleged pain at that time focused on her back and neck.  In March 2006, Ms. Iannitelli voluntarily submitted to an independent medical examination of orthopedic injury claims.  The physician agreed with the previous doctors that if she had any injury from the 2003 accident, she reached maximum improvement in June of 2004.  See generally, Danzinger Medical Evaluation (attached).

In June 2006, Ms. Iannitelli sought treatment from a physician in California, Dr. Newkirk, who diagnosed her with Thoracic Outlet Syndrome.  There is no description of the symptoms she allegedly presented with, but symptoms of Thoracic Outlet Syndrome are inconsistent with the symptoms she repeatedly complained of following the accident, namely neck and back pain.  Thoracic outlet symptoms are numbness, discoloration due to impinged blood flow and paralysis.  See, Neuren Declaration ¶ 4.

- 2 -

At no time has Defendant had an opportunity to examine Ms. Iannitelli concerning her claims of being diagnosed with Thoracic Outlet Syndrome.

### DISCUSSION

The parameters of discovery under the Federal Rules of Civil Procedure are expansive.  Rule 26(b)(1) provides that "[p]arties may obtain discovery of any matter not privileged, which is relevant to the claim or defense of any party."  Even information which is inadmissable at trial is discoverable as long as it "appears to be reasonably calculated to lead to the discovery of admissible evidence."

The discovery provisions of the Federal Rules of Civil Procedure are intended to allow litigants to fully develop and crystalize concise factual issues before trial. Properly employed, they prevent prejudicial surprise and conserve limited judicial time and resources.  The Supreme Court has admonished that the discovery rules should be broadly and liberally construed.  Oppenheimer Fund. Inc. v. Sanders, 437 U.S. 340, 351 (1978); Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Courts have traditionally recognized that, once a plaintiff has put his or her medical condition in issue, the plaintiff's complete medical history is relevant.  See, e.g., Doe v. Eli Lilly & Co., 99 F.R.D. 126, 127 (D.D.C. 1983); Sklagen v. Greater Southeast Community Hosp., 625 F. Supp. 991, 992 (D.D.C. 1984); Brown v. Eli Lilly & Co., 131 F.R.D. 176, 178 (D. Neb. 1988).  Dennie v. University of Pittsburgh Sch. of Medicine, 638 F. Supp. 1005, 1008 (W.D. Pa. 1986) ("once a plaintiff complains of physical injuries, the world of medical information as to those injuries is the defendant's oyster").  Although

- 3 -

some documentary evidence of plaintiff's medical history is available, plaintiff has

provided information about her medical history to her own expert witnesses which is

not presently available to the defendant's experts because it was relayed orally and

considered without being memorialized.  For purposes of evaluating plaintiff's claims

for injuries and ongoing care and future medical and other needs, defendant's experts

require a complete medical history which is best and commonly taken through a

personal interview.

Plaintiff clearly has placed her physical condition directly in controversy in this

litigation.  In her complaint, plaintiff alleges that "[a]s a direct and proximate result" of

the accident Ms. Iannetilli has suffered to her " health, strength and activity and

sustained and continues to sustain medical and other expenses for treatment, lost

earnings and earning capacity and continues to be inhibited in her daily activity, work

activity, and other pursuits of life.  Compl. ¶ 14

Federal Rule of Civil Procedure 35 provides in relevant part:

When the mental or physical condition (including the blood group) of a
party . . . is in controversy, the court in which the action is pending may
order the party to submit to a physical or mental examination by a
suitably licensed or certified examiner[1] . . . . The order may be made only
on motion for good cause shown and upon notice to the person to be
examined and to all parties, and shall specify the time, place, manner,

---

[1] Rule 35 was revised in 1991 to make clear that persons suitably licensed or
certified includes "certified or licensed professionals, such as dentists or occupational
therapists, who are not physicians or clinical psychologists, but who may be well-
qualified to give valuable testimony about the physical or mental condition that is the
subject of the dispute."  Advisory Comm. Note to Rule 35 (1991 Amendment).

conditions, and scope of the examination and the person or person by
whom it is to be made.

Fed. R. Civ. P. 35.  The United States Supreme Court has addressed the Rule 35

requirements of  "in controversy" and "good cause" in Schlagenhauf  v. Holder, 379

U.S. 104 (1964), as follows:

> Of course, there are situations where the pleadings alone are sufficient to
> meet these requirements.  A plaintiff in a negligence action who asserts
> mental or physical injury . . . places that mental or physical injury clearly
> in controversy and provides the defendant with good cause for an
> examination to determine the existence and extent of such asserted injury.

Id. at 119; see Benham v. Rice, 238 F.R.D. 15, 28 (D.D.C. 2006) (analyzing the

requirements for granting a motion for an independent medical examination under

Rule 35); Smith v. Koplan, 215 F.R.D. 11, 12-14 (D.D.C. 2003) (granting motion for

independent psychological exam in Title VII case despite noting that even where the

requirements of Rule 35 are satisfied, an exam can be denied if the same information

can be obtained in a less intrusive manner); see also Thiessen v. General Elec. Capital

Corp., 178 F.R.D. 568, 570 (D. Kan. 1998) (independent mental examination held

appropriate in employment discrimination case where plaintiff described "specific

injuries" in his deposition beyond the garden variety emotional distress alleged in the

complaint); Brandenberg v. El Al Israel Airlines, 79 F.R.D. 543, 544, 546 (S.D.N.Y. 1978)

(in light of plaintiff's allegation that she suffered "physical, emotional, mental stress,

and mental and psychiatric injuries," an independent psychiatric evaluation was

"clearly appropriate").  Because this is an action under the FTCA alleging personal

injury and plaintiff's physical condition is in controversy, defendant has good cause for

- 5 -

a Rule 35 examination.  See Schlangenhauf, supra, Sloane v. Thompson, 128 F.R.D. 13, 15 (D. Mass. 1989).

In addition, the information sought by Defendant is relevant and is not otherwise available.  At present Defendant has no other methodology by which to test Plaintiff's claims.  The courts have concluded that "only if no additional relevant information could be gained by an examination of [plaintiff] should the motion for a psychiatric examination be denied."  See Ragge v. MCA/Universal Studios, 165 F.R.D. 605, 608 (C.D. Calif. 1995); Duncan v. Upjohn Co., 155 F.R.D. 23, 25 (D. Conn.1994).  The IMEs requested will allow Defendant to verify and establish what Plaintiff's current injuries are, if any, and how Plaintiff's alleged injuries are related – if at all – to the five mile per hour collision connected to this action, and to evaluate the existence and extent of Plaintiff's alleged injuries associated with Thoracic Outlet Syndrome.  There is no other way to independently verify and procure this information other than by independent medical examinations.  In short, independent, routine, complete, physical and mental examinations of Plaintiff are warranted.

The examination proposed by Defendant would be conducted by Dr. Richard Katz, a neurologist.  Dr. Katz has been practicing medicine for over 42 years.  He has been Board Certified in neurology since 1974 and is licensed in Delaware and Pennsylvania.  As further set forth in his curriculum vitae, (attached) Dr. Katz has extensive hospital staff affiliations, teaching and professional appointments, and has

authored numerous scientific presentations.  As such, Dr. Katz is a suitably licensed and certified examiner as contemplated by Rule 35.

The independent examination will assist the Court in determining, among other things, which – if any – of Plaintiff's alleged condition(s) were caused by Defendant, the current state of Plaintiff's alleged condition(s), whether the alleged condition(s) has improved or deteriorated since the incident, whether Plaintiff's alleged injuries are permanent, and existence and extent of Plaintiff's alleged injuries and their impact on her ability to work.  See Attached Declaration of Dr. Alan Neuren.   Defendant requests that the Court Order provide that Plaintiff Iannitelli submit to a complete physical and imaging techniques (if requested by Dr. Katz) for the injuries which Plaintiff alleges that Defendant caused, as deemed appropriate by Defendant's experts.  Defendant further requests that the Court Order provide that no counsel shall be present at the examinations, which shall not exceed six hours in total.

Defendant also requests, out of an abundance of caution, that the Court Order provide that Plaintiff expeditiously contact the office of the above listed examining physician, and arrange an examination to be conducted at the first available mutually convenient date and time for the IMEs not later than March 31, 2008.  This time frame is requested in light of the fact that even though there has been no discovery cutoff deadline applied to this matter, the Court has indicated a desire to expedite this matter toward mediation or trial.  Defendant absolutely requires the information that will be

- 7 -

provided from the examining physician in order to intelligently determine its response

to Plaintiff's new claims of Thoracic Outlet Syndrome.


## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests a Court Order

directing Plaintiff to submit to physical examinations by Defendant's expert Dr. Richard

Katz.  A proposed order is attached.

Dated: January 22, 2008

Respectfully Submitted,

_____

 JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____

RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


_____/s_____

BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

NANCY IANNITELLI,                       )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          Civil Action No. 05-0975 (GK)
                                        )
UNITED STATES OF AMERICA,               )
                                        )
                                        )
            Defendant                   )
_____)

## ORDER

        UPON CONSIDERATION of the Defendant's motion for independent medical examinations and the entire record of this case, the Court finds that good cause exists for allowing defendant's expert to perform a physical examination of plaintiff.  Accordingly, it is hereby
        ORDERED that the motion should be and is hereby GRANTED, and it is

        FURTHER ORDERED that Plaintiff Nancy Iannitelli has placed her physical condition at issue in this litigation and shall submit to a complete physical and imaging techniques of her body as deemed appropriate by Defendant's designated examining physician.  No counsel shall be present at the examinations, and it is

        FURTHER ORDERED that Plaintiff Nancy Iannitelli expeditiously should contact the offices of the above listed expert, and arrange an examination to be conducted at the first available mutually convenient date and time not later than March 31, 2008.   The examination by Dr. Richard Katz will be conducted at the following locations: 5401 Old York Road, Suite 405 Philadelphia, PA 19141 (215) 324-3300.


_____                    _____
Date                                    United States District Judge


Copies Through ECF to Counsel of Record