UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY IANNITELLI, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>THE UNITED STATES OF AMERICA )<br>DEPARTMENT OF THE INTERIOR, )<br>)<br>    Defendant )<br>_____ ) | No. 05-0975(GK)<br><br>CIVIL ACTION |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**MOTION FOR INDEPENDENT MEDICAL EXAMINATION**

**INTRODUCTION**

The issue before the court is whether defendant United States has met its burden in requesting a second, duplicative defense "physical examination" under Fed. R. Civ. P. 35.

Defendant already had a defense physical examination of the areas in question. Plaintiff's complaints have not changed from that time, and have, unfortunately, remained the same, without relief. Defendant has additional information concerning plaintiff's condition, but this does not justify repeating the physical examination of plaintiff.

Defendant United States asks not for an "independent medical examination", but for a second, unnecessary and duplicative, "physical examination" under Federal Rule of Civil Procedure Rule 35.

Defendant fails to provide the court with the detail that the court would require if the court were to properly order such a "physical examination." Defendant merely advises the court

1

that the examination may last six hours, and asks that plaintiff's legal representative be excluded. Nowhere do the moving papers set forth the nature or scope of the examination, nor hint at what it is to consist of. The court is left to guess at what additional testing and examination is to take place. No guidance is given as to how this might differ from the previous examination.

Specifically, the moving papers fail to show 1) In what way, if any, the first defense physical examination was inadequate; 2) What, specifically, the second physical examination would add; 3) What tests are to be done, what will the examination consist of; 4) What parts of the body will be examined; 5) How, if at all, will the second examination provide additional necessary information about conditions in controversy; and 4) Why this information isn't available elsewhere.

Broad, conclusiory statements do not meet the test of "Good Cause," especially where a repeat examination is requested for the same condition.

It is not sufficient to answer these questions as a response to this opposition brief. The moving party has an affirmative burden to make the necessary showing when requesting such an examination.

Most peculiar is defendant's use of a declaration by someone other than the examiner to lay a foundation for the need for the proposed additional examination.

**A.   A STRONGER SHOWING IS REQUIRED FOR A SECOND DEFENSE PHYSICAL EXAMINATION THAN FOR A FIRST ONE**

A second physical examination is not the norm, but the exception. Although Fed. R. Civ. P. Rule 35 refers to physical examinations in the singular; under exceptional circumstances the courts will order an additional examination. However, in so doing, the courts require a stronger

showing of necessity before ordering repeated examinations. Vopelak v. Williams, 42 F.R.D. 387, 389 (D.C. Ohio 1967). See also Schlagenhauf v. Holder, 321 F.2d 43, 51 (C.A. 7th 1964) vacated on other grounds, 85 S. Ct. 234, 379 U.S. 104, 13 L.Ed. 2d 152 (1964).

Where a party fails to meet this heightened burden, a second examination is properly refused. See, e.g. Rutherford v. Alben, 1 F.R.D. 277 (D.C.W.VA 1940) [Defendant had one physical examination including x-rays, plaintiff furnished report of plaintiff's own physicians]; Enyart v. Santa Fe Trail Transportation Company, 241 S.W.2d 268 (MO 1951) [Moving party showed no prejudice from denial]; Murdaugh v. Queens-Nassau Transit Lines, Inc., 113 N.Y. S. 2d 804, 280 App. Div. 826 (1952) [Abuse of discretion to order a second physical examination in the absence of a showing of change in the situation].

### B.  MERE RELEVANCE IS NOT ENOUGH

Mere relevance under Rule 26, however, is not enough to justify a court-ordered mental examination under Rule 35. Rule 35 – alone among all the discovery rules – requires a showing by the moving party that a person's "mental . . . . condition" be "in controversy." Even then, an order for a compulsory mental examination "may only be made on motion for good cause shown," Fed. R. Civ. P. 35(a) (emphasis added). In Schlagenhauf v. Holder, 379 U.S. 104 (1964), The Supreme Court emphasized the limiting effect of these "in controversy" and "good cause" requirements, which the Court described as necessarily related. Schlagenhauf, supra at 119. The "in controversy" and "good cause" requirements are of particular concern where, as here, a second examination is requested. These requirements call for discriminating application

by the trial judge, who should, according to Fed. R. Civ. P. 35, make sure that the requesting party has indeed demonstrated the existence of the rule's requirements.

In order to meet these burdens, the moving party must supply sufficient information.

**C.     THE MOVING PAPERS DO NOT MEET THE BURDENS OF SHOWING NECESSITY, GOOD CAUSE, OR A "CONTROVERSY" SUFFICIENT TO JUSTIFY AN ANOTHER EXAMINATION**

Defendant rests its request for this second, duplicative examination on the declaration of a professional examiner who is not merely biased or prejudiced, but actually notorious for his opinions denying the existence of disability. Defendant's burdens

> . . . are not met by mere conclusiory allegations of the pleadings – nor by mere relevance to the case – but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

Schlagenhauf at 106. Here, defendant relies on the declaration of Alan Neuren, M.D. Curiously, Dr. Neuren is not the proposed examiner. Dr. Neuren is not merely biased or prejudiced, Dr. Neuren was a reviewing physician and medical director for UnumProvident in their well known scheme for denying disability claims.

Dr. Neuren's declaration does not deal with vascular based thoracic outlet syndrome, but with neurologic thoracic outlet problems. There is a kernel of science in this approach, as both vascular structures (involved here), and the nerves of the brachial plexus travel through the same space described as the thoracic outlet.

4

However, it is disingenuous bootstrapping to first describe the neurological problems that Dr. Neuren describes as thoracic outlet syndrome, and then to segueway into his conclusions. Even Dr. Neuren concedes that thoracic outlet syndrome refers to several different conditions involving structures in the area of the thoracic outlet.

Dr. Neuren describes himself as having qualified twice in cases involving thoracic outlet syndrome.

The examination sought is not with Dr. Neuren, but with Dr. Richard Katz. Dr. Katz provides no information on his Curriculum Vitae with respect to his experience, if any, in thoracic outlet syndrome, nor his need, if any, for a physical examination.

Nowhere do the moving papers indicate what physical examination, if any, is missing from the physical examination performed by Dr. Danzinger. Dr. Danzinger examined plaintiff's scapula and thoracic motion. He examined her arms for pathology and tenderness. He examined her extremities for sensation, pulses and deep tendon reflexes. He examined the AC joint for resulting impingement (See Danziger Report, Defendant's Exhibit 1, Page 2).

**D.     PLAINTIFF'S REPRESENTATIVE SHOULD NOT BE EXCLUDED FROM THE EXAMINATION**

Recognizing that Federal Courts differ on whether or not plaintiff may have a representative present at a physical examination, here defendant seeks to perform the examination in Pennsylvania. In <u>Gensbauer v. May Department Stores</u>, Civ. Action No. 98 CV 9323 (1999), Judge Brody of the Eastern District found that as the examination was in Pennsylvania, a state that allows a representative to be present for a physical examination (as

opposed to a mental examination), plaintiff should be allowed to be accompanied by a representative.

Here, defendant contemplates six hours of examination and testing of an unknown nature, and without specifying the parts of the body involved. There is no valid reason for making plaintiff face this unknown, without any mechanism for determining the propriety of what takes place. If the court were to order plaintiff to appear for examination on the current state of the record, neither plaintiff nor anyone else could determine what was proper or improper.

Defendant should not be allowed such an open ended process, but if it were to be allowed such an undefined examination, it would be even more important for plaintiff to be represented.

## CONCLUSION

Plaintiff has already travelled from Florida to the District of Columbia once, which she did by stipulation, to be examined by a physician chosen by defendant United States of America. She had the same physical complaints that defendant now seeks to examine. She has no new or different complaints. She testified at length about these complaints in her deposition taken July 12, 2006.

In addition to physical examinations by Dr. Danzinger for the defense, and plaintiff's treating physicians in Washington, D.C. and Naples, FL, defendant has a full day of depositions from Dr. Tracy Newkirk, a neurologist who examined plaintiff with respect to thoracic outlet syndrome, and Dr. Scott Werden, president of the Thoracic Outlet Society. MRI/MRA/MRV studies of the vascular compression were made available to the defense, and these were, and are, available to any defense medical expert who wishes to review them.

An additional question is what will happen when the matter is set for trial. Will the defendant then request a third examination, because of the passage of time from the first two?

The request for an additional physical examination at this time should be denied, without prejudice.

Respectfully Submitted.

/s/ Michael Padway\
MICHAEL PADWAY\
DC Bar Number 479931\
California Bar Number 59824\
Michael Padway & Associates\
595 Market St. Ste. 2520\
San Francisco, CA 94105

Telephone: 415-777-1511\
Attorneys for Plaintiff\
Nancy Iannitelli