IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NANCY IANNITELLI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO.05-975 GK |
| v. | ) | |
| | ) | CIVIL ACTION |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant | ) | Hearing Date:  To Be Scheduled |
| _____ | ) | |

## MOTION FOR ORDER TO PAY EXPERT WITNESS FEES RESULTING FROM EXPERT WITNESS DEPOSITIONS

## INTRODUCTION

This motion arises from recently completed depositions of plaintiff's expert witnesses[1]. Plaintiff asks that the court to order defendant UNITED STATES OF AMERICA to pay the deposed experts their fees incurred in connection with their depositions.

These depositions were the subject of an order by the court setting a completion date. The court made its order at a status conference after being informed that plaintiff wished to have these depositions videotaped, so that they could be used at trial.  The court ordered the depositions to be completed, and set a date.  The parties were then to return to mediation in the hope of resolving the action.

The depositions were scheduled by stipulation, with further stipulation that plaintiff would absorb the cost of videotaping.  The court granted a short continuance of its order setting a

---

[1] Dr. Werden is a diagnostic radiologist.  Dr. Newkirk is a neurologist.  Both witnesses saw plaintiff primarily for evaluation of Thoracic Outlet Syndrome.  There is no claim that these are treating physicians as opposed to expert witnesses, and that is not an issue for this motion.

date to complete the depositions, and the parties were able to take the depositions within that time limit.

In the course of Dr. Tracy Newkirk's deposition, Assistant United States Attorney Benton Peterson was asked how Dr. Newkirk was to arrange for payment of his expert witness fees in connection with the deposition.  For the first time, Mr. Peterson disclosed that there was an issue with respect to payment, and that he would let plaintiff's counsel know whether or not the United States intended to pay Dr. Newkirk's fees.  In order to complete the discovery, plaintiff's counsel agreed to guarantee the fees to Dr. Newkirk.

Dr. Newkirk's deposition was followed by that of Dr. Werden.  Dr. Werden asked about his fees at the inception of his deposition, and a colloquy followed on the record.  Again, the deposition was completed only because plaintiff's counsel agreed to guarantee the expert witness fees.

The entire 18 pages of deposition colloquy regarding payment of Dr. Werden 's fees is attached.  However, the essence of the refusal to pay his fees is contained on page 8, lines 5-10, in which Mr. Peterson explains to the witness that:

> We are kind of in a unique circumstance, Dr. Werden.  As you may or may not have noticed, you were not technically noticed by the defendant in this case.  This deposition is being taken at the behest of a Federal Court Judge in D.C., and this was all in furtherance of settlement discussion.

The stated basis for defendants' refusal to pay expert witness fees was:

> As indicated on the record at both the depositions of Dr. Newkirk and Dr. Scott Werden, the government is not responsible for the payment of these experts were not deposed for the purpose of litigation but instead for the purpose of justifying plaintiff's settlement position. As you are aware, it is the Court, based upon your verbal offer to have the above mentioned experts deposed, that ordered the depositions to take place [*See* Dkt. No. 18].

Indeed, the depositions were ordered to take place over defendant's objections concerning the prematurity of the depositions.

Benton Peterson's letter dated November 6, 2007 (See Exhibit A, attached).

In this, defense counsel is mistaken. The transcript of the August 7, 2007 Status Conference reflects the following:

> MR. PADWAY: Great. It would be my hope that we could take those depositions on video take[sic] for use at trial given the logistics.
> THE COURT: Would there be a government objection to that?
> MR. PETERSON: This is the first time I'm hearing that, but at this point I don't have an objection to that. I don't think that that would be objectionable to do it by video taping it.
> THE COURT: Obviously if there is no objection I have no objection. It makes sense given where everybody is.

Clearly, a deposition on video tape for use at trial is a deposition for the purpose of litigation. Even if it were "for the purpose of justifying plaintiff's settlement position", the witnesses are still entitled to fees.

Defendant also raises the claim, made for the first time during the depositions, that the experts' reports (sent to defendant more than a year ago) do not fully comply with Rule 26(a)(2)(B) as to form.

An attempt at informal resolution was not successful. This motion follows.

## A.  THE RIGHT TO A DEPOSITION IS CONDITIONED ON PAYMENT OF A REASONABLE FEE

"Unless manifest injustice would result . . .The court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery . . ." Fed. R. Civ. P. 26(b)(4)(C). See Jenkins v. General Motors Corp, 164 FRD 318, 320 (ND NY 1996) [Parties attorneys may be ordered to pay if party fails to pay].

It makes no difference whether the third party expert is subpoenaed, or, as here (and in the usual case), the witness appears by stipulation.

The "reasonable fee" requirement applies whether the expert appears pursuant to stipulation, notice or service of a Rule 45 Subpoena.  Absent a finding of "manifest injustice", payment of such fees is mandatory.  Fisher-Price Inc. v. Safety First Inc., 217 FRD 329, 331, 332 (D DE 2003).

## B.  THE REMEDY, IF ANY, FOR FAILURE TO COMPLY WITH THE EXPERT REPORT REQUIREMENTS, IS A MOTION TO DIRECT THE PARTY TO COMPLY

This matter involves a relatively simple fact pattern.  Therefore, there was no need for an initial disclosure order, and the court did not enter one.

However, as a matter of comity, and to facilitate the matter moving forward, plaintiff's counsel provided medical records, and medical reports, to defendant.

Treating physicians must be identified as expert witnesses under Rule 26(a)(2)(A).  They are entitled to expert witness fees where they are asked for opinions unrelated to care and treatment of a plaintiff under Rule 26(b)(4)(C).  See, e.g. Fisher v. Ford Motor Co. 178 FRP 195,197 (ND OH 1998), ". . . If their testimony is based on outside knowledge, not on personal knowledge of the patient and his or her treatment (they) may be deemed experts."

**C.  PLAINTIFF IS ENTITLED TO COSTS ASSOCIATED WITH THIS MOTION.**

Counsel in this action have enjoyed remarkably cordial relations.  All sides hope that this relationship may continue unimpaired.

Therefore, it is with great reluctance that plaintiff is compelled to request an award for the costs incurred as a result of the expert fees issue.

In State of New York v. Solvent Chemical Company, 225 F. Supp. 2d 270 (USDC WDNY 2002), the court considered a similar situation.  In that case, the court entered a scheduling order regarding expert reports, and the parties agreed in open court to a date for deposition of Dr. Naumann, an expert witness.  No issue was raised prior to the deposition about the adequacy of the expert's report.  The court ruled that, if the expert report was inadequate, the affected party could have requested a postponement or rescheduling of the deposition.  However, the court ruled that the party could not first take the deposition, and then complain that it would be manifest injustice to have to pay for it.

Solvent, the party who produced the expert and moved for the fees, sought reasonable attorneys' fees and costs.  They relied on the court's "inherent power" to assess fees and costs when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.  They also relied on Rule 11, claiming that the position of Racochem was "unwarranted".

The court rejected the argument under Rule 11, but reviewed the "inherent powers" of the court, and then went to Rule 37, upon which it based its award of attorneys fees and costs.

> . . . While nothing in Rule 37 specifically addresses the issue of
> sanctioning a party's noncompliance with Rule 26(b)(4)(C), the
> court finds that Rule 37(a) inherently provides authority for the
> imposition of sanctions for such a violation.  Among the
> sanctions the court may consider are reasonable costs and
> attorneys' fees.

This position finds support in case law.  In <u>Miltope Corp v Hartford Casualty Insurance Co.</u>, 163 FRD 191 (S.D.N.Y. 1995), the court held that "[t]he sanctions specified under Rule 37 are not exhaustive, and the Court may impose such sanctions as are just."  <u>Id.</u> at 194.  In <u>J.M. Cleminshaw CO. v. City of Norwich</u>, 93 F.R.D. 338 (D. Conn. 1981), the court concluded that it "possesses inherent power to control the disposition of the cases before it" and this "includes the authority to levy sanctions in response to abusive litigation practices" and [s]uch sanctions may include financial assessments against attorneys or their clients.  <u>Id.</u> at 352, n.11.


**D.  PLAINTIFF ENCOURAGES DEFENDANT UNITED STATES TO VOLUNTARILY COMPENSATE THE EXPERT WITNESSES.**


At least to the present time, no issue has been raised regarding the reasonableness of the fees charged by the witnesses.  Further, some informal progress has been made toward resolution.

Plaintiff's counsel does not want anything to sour his working relationship with the defense, and therefore once again invites defendant United States of America to reconsider its position prior to more time and expense being spent on this issue.

## CONCLUSION

Defendant United States of America should be ordered to repay to plaintiff's counsel the expert witness costs expended on behalf of defendant United States of America.  For Dr. Tracy Newkirk plaintiff advanced the amounts of $2,475.00, and $375.00, and for Dr. Scott Werden plaintiff advanced the amount of $3,500.00.  The total amount is therefore $6,350.00.


Respectfully Submitted.

    /s/Michael Padway__
    MICHAEL PADWAY

    DC Bar Number 479931
    California Bar Number 59824
    Michael Padway & Associates
    595 Market St. Ste. 2520
    San Francisco, CA 94105

    Telephone:  415-777-1511
    Attorneys for Plaintiff
    Nancy Iannitelli