

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 6, 2007

VIA ELECTRONIC MAIL
Michael Padway
595 Market Street
Suite 2520
SanFrancisco, CA 94105

Re: *IANITELLI V. USA*, 05-0975 (GK)

Dear Mr. Padway,

      I am in receipt of your November 2, 2007 letter demanding payment of attached invoices from Dr. Tracy Newkirk in the amounts of $2,475.00, and $375.00, and from Dr. Scott Werden in the amount of $3,500.00. You represented that these invoices represent time spent to appear at and prepare for their depositions taken on October 30, 2007.

      As indicated on the record at both the depositions of Dr. Newkirk and Dr. Scott Werden, the government is not responsible for the payment of these experts because these experts were not deposed for the purpose of litigation but instead for the purpose of justifying plaintiff's settlement position. As you are aware, it is the Court, based upon your verbal offer to have the above mentioned experts deposed, that ordered the depositions to take place [*See* Dkt. No. 18]. Indeed, the depositions were ordered to take place over defendant's objections concerning the prematurity of the depositions.

      Furthermore, as also indicated on the record at both depositions, plaintiff's purported expert reports are not in compliance with the Federal Rules of Civil Procedure. Pursuant to Rule 26(a)(2)(B), plaintiff was required to provide a written report prepared and signed by the expert witness containing a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding 4 years. Plaintiff

has failed to comply with these requirements, among others. As a result of these failures, *inter alia,* the depositions of the experts are not complete for purposes of litigation. Moreover, according to your September 1, 2006 letter, the expert reports were merely a way "to have meaningful settlement discussions," so it follows that defendant could not object to reports that were never meant to be used in litigation.

Additionally, the case law you cite in support of your demand, *The State of New York vs. Solvent Chemical Company* 83-CV-1401C, is completely inapposite to the instant issue. You purport that the case stands for the proposition that when expert depositions are taken by stipulation "[t]he court found that it had inherent power, and power under Rule 37 to not only award the costs requested for the experts, but also attorneys fees and costs for the motion" compelling expert fees. First, this case does not stand for the proposition you indicate. Unlike the instant case, the parties in the case you cite had a scheduling order and exchanged discovery in accordance with that order. Also, unlike the instant case the case you cite only concerns third-party plaintiffs and their entitlement to protective orders precluding information concerning settlement negotiations with third-party defendants and does not mention who is responsible for payment of any deposition. Second, even if your proposition is believed, in the instant case, there has been no stipulation among the parties to take the deposition of the experts at issue, it occurred only as a result of a Court order.[1]

Finally, I agree that we have had a good working relationship, and as I have indicated to you, I have looked into ways of resolving this issue. However, your threat to file a motion to compel payment of the fees at issue and attorney's fees and costs in conjunction with the motion is not well taken. You are, of course, free to file whatever motion you like, but please be aware that your threat to file a motion to compel does not absolve you of your responsibilities under the local rules prior to filing. *See* L.Civ.R. 7.1(m). Nevertheless, with regard to resolving this issue, I have been authorized to offer to half of the expense of the experts to provide actual testimony. To be clear, this offer does not include any travel, preparation or waiting time billed by the experts. Using the invoices provided as a guide, this amount comes to $ 2,112.00. Please let me know if this an acceptable way to resolve this issue and let me know if you have any questions (202-514-7238).

Sincerely,

JEFFREY A. TAYLOR
United States Attorney

By: _____
BENTON G. PETERSON
Assistant United States Attorney

---

[1] In fact, defendant did not issue a deposition notice to any expert at issue here, but instead arrived (at the government's own expense) at the agreed upon place and time in effort to comply with Court's order. Defendant neither stipulated or requested the depositions at issue.