# MICHAEL PADWAY & ASSOCIATES

Other Offices:
Los Angeles
Ontario
San Jose

November 2, 2007

Please Reply to:
595 Market Street
Suite 2520
San Francisco, CA 94105
(415) 777-1511
Fax (415) 391-6080

Benton G. Peterson
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530

<u>VIA U.S. MAIL AND FACSIMILE TO:
202-514-8780</u>

Re: <u>Ianitelli v. United States, et al.,</u>

Dear Mr. Peterson:

Attached please find invoices from Dr. Tracy Newkirk in the amounts of $2,475.00, and $375.00, and from Dr. Scott Werden in the amount of $3,500.00. These bills represent time spent to appear at and prepare for their depositions, which were taken by you in our office as part of the discovery in the above-referenced action.

These doctors invoiced our office, because, in the course of Doctor Newkirk's deposition, we first learned that the United States was not prepared to pay, nor agree to pay, Dr. Newkirk's fees. Similarly, the United States was neither prepared to pay, nor would agree to pay, Dr. Werden's fees.

Because these depositions were needed to go forward in the case, and because of the potential expense and delay that would have resulted otherwise, I agreed to be responsible for these billings. You indicated that you would speak to your client, and let me know if your client was willing to pay them.

At the present time, I have not heard from you regarding payment of these witnesses.

Although we did not have formal disclosure of experts in this matter, both Drs. Newkirk and Werden were disclosed as being individuals whose expert opinions would be offered in this

matter, and whose expert opinions we agreed were needed for the case to move forward. Further, both witnesses regularly provide expert witness testimony, for which they are customarily paid as experts.

We agreed to take the depositions of these experts, and were ordered to complete their depositions within a time limit set by the court. Both parties and the court understood that these experts were to render expert opinion regarding Ms. Ianitelli's thoracic outlet syndrome.

A similar situation was considered in the case of <u>The State of New York vs. Solvent Chemical Company 83-CV-1401C</u>. In that action, the Unites States District Court considered a deposition taken by stipulation. As here, a complaint was made after fees were demanded that the experts' reports did not comply with the federal rules. As here, no objection to the format of the reports was made prior to the depositions.

The court found that it had inherent power, and power under Rule 37 to not only award the costs requested for the experts, but also attorneys fees and costs for the motion.

I hope that we can amicably resolve this issue. Obviously, since I am now being asked to advance $6,350.00 in fees for the United States' depositions of plaintiffs' experts, this issue cannot remain unresolved for long.

Please let me know if you will accept responsibility for these charges. If you have not done so prior to the status conference, I will be requesting a scheduling order for a motion to compel payment of expert witness fees, and attorney's fees and costs in conjunction with the motion.

Again, we have had a good working relationship so far in the litigation. I do not want this issue to cause that relationship to deteriorate. However, I cannot simply absorb costs for both sides.

                                               Very truly yours,

                                               Michael Padway

MNP/nt

```
*************************************************************************
*                        TRANSACTION REPORT                       P.01  *
*                        ------------------                              *
*                                              NOV-02-2007 FRI 01:47 PM *
*    FOR:  Michael Padway & Assoc.    415 546 4100                       *
*-----------------------------------------------------------------------*
*        SEND                                                            *
*   DATE  START    RECEIVER      TX TIME  PAGES TYPE   NOTE       M#  DP*
*-----------------------------------------------------------------------*
*   NOV-02 01:46 PM 12025148780    49"      7   FAX TX   OK       707   *
*-----------------------------------------------------------------------*
*                                    TOTAL :  49S  PAGES:  7            *
*************************************************************************
```

# MICHAEL PADWAY & ASSOCIATES

Other Offices:
Los Angeles
Ontario
San Jose

November 2, 2007

Please Reply to:
595 Market Street
Suite 2530
San Francisco, CA 94105
(415) 777-1511
Fax (415) 391-6080

Benton G. Peterson
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530

VIA U.S. MAIL AND FACSIMILE TO:
202-514-8780

Re: Ianitelli v. United States, et al.

Dear Mr. Peterson:

Attached please find invoices from Dr. Tracy Newkirk in the amounts of $2,475.00, and $375.00, and from Dr. Scott Werden in the amount of $3,800.00. These bills represent time spent to appear at and prepare for their depositions, which were taken by you in our office as part of the discovery in the above-referenced action.

These doctors invoiced our office, because, in the course of Doctor Newkirk's deposition, we first learned that the United States was not prepared to pay, nor agree to pay, Dr. Newkirk's fees. Similarly, the United States was neither prepared to pay, nor would agree to pay, Dr. Werden's fees.

Because these depositions were needed to go forward in the case, and because of the potential expense and delay that would have resulted otherwise, I agreed to be responsible for these billings. You indicated that you would speak to your client, and let me know if your client was willing to pay them.

At the present time, I have not heard from you regarding payment of these witnesses.

Although we did not have formal disclosure of experts in this matter, both Drs. Newkirk and Werden were disclosed as being individuals whose expert opinions would be offered in this

# MICHAEL PADWAY & ASSOCIATES

Other Offices:  
Los Angeles  
Ontario  
San Jose

November 27, 2007

Please Reply to:  
595 Market Street  
Suite 2520  
San Francisco, CA 94105  
(415) 777-1511  
Fax (415) 391-6080

Benton G. Peterson  
Assistant United States Attorney  
Judiciary Center Building  
555 4th Street, N.W. - Civil Division  
Washington, D.C. 20530

<u>VIA U.S. MAIL AND FACSIMILE TO:</u>  
<u>202-514-8780</u>

Re: <u>Ianitelli v. United States, et al.,</u>

Dear Mr. Peterson:

Before I left on vacation we spoke regarding my earlier letter.

You were going to review the citations I provided, and get back to me regarding the expert fees for Drs. Werden and Nerkirk.

I was disappointed that I did not find a message from you on my return.

Can you please make this a priority? It needs to be resolved one way or the other.

Thank you for your anticipated attention to this matter.

Very truly yours,

M

Michael Padway

MNP/nt



```
*********************************************************************
*                                                          P.01      *
*              TRANSACTION REPORT                                     *
*              ─────────────────                                      *
*                                         NOV-27-2007 TUE 02:42 PM    *
*   FOR: Michael Padway & Assoc.   415 546 4100                       *
*─────────────────────────────────────────────────────────────────────*
*   SEND                                                              *
*  DATE  START    RECEIVER     TX TIME  PAGES TYPE    NOTE       M# DP*
*  NOV-27 02:41 PM 12025148780    25"     2  FAX TX   OK         762  *
*─────────────────────────────────────────────────────────────────────*
*                              TOTAL :    25S  PAGES:    2            *
*********************************************************************
```

MICHAEL PADWAY & ASSOCIATES

Other Offices:
Los Angeles
Ontario
San Jose

November 27, 2007

Please Reply to:
595 Market Street
Suite 2520
San Francisco, CA 94105
(415) 777-1511
Fax (415) 391-6080

Benton G. Peterson
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. ~ Civil Division
Washington, D.C. 20530

<u>VIA U.S. MAIL AND FACSIMILE TO:</u>
<u>202-514-8780</u>

Re:  <u>Ianitelli v. United States, et al.,</u>

Dear Mr. Peterson:

Before I left on vacation we spoke regarding my earlier letter.

You were going to review the citations I provided, and get back to me regarding the expert fees for Drs. Werden and Merkirk.

I was disappointed that I did not find a message from you on my return.

Can you please make this a priority? It needs to be resolved one way or the other.

Thank you for your anticipated attention to this matter.

Very truly yours,

M

Michael Padway

MRP/nt


COPY

```
*************************************************************
*                     TRANSACTION REPORT                    *
*                                                           *
*                                    DEC-07-2007 FRI 01:49 PM*
*  FOR: Michael Padway & Assoc.     415 546 4100            *
*************************************************************
*  SEND                                                     *
*  DATE  START      RECEIVER      TX TIME  PAGES TYPE  NOTE         M# DP *
*  DEC-07 01:49 PM  12025148780     23"     2    FAX TX  OK           796  *
*                                                           *
*                              TOTAL :    23S  PAGES:   2   *
*************************************************************
```

# MICHAEL PADWAY & ASSOCIATES

Other Offices:
Los Angeles
Ontario
San Jose

December 7, 2007

Please Reply to:
595 Market Street
Suite 2520
San Francisco, CA 94105
(415) 777-1511
Fax (415) 391-6080

Benton G. Peterson
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530

VIA U.S. MAIL AND FACSIMILE TO:
202-514-8780

Re: Ianitelli v. United States, et al.

Dear Mr. Peterson:

This will confirm parts of our recent discussion concerning the expert witness fee issue in the above referenced matter.

I disagree strongly with your characterization of my position. I do not agree that the depositions were taken for the limited purpose of settlement. In fact, I believe that the record of the status conference will reflect that I wanted them videotaped for use at trial.

Further, I am unaware of any procedure for taking a deposition solely for use in deposition. I see nothing in the Federal Rules of Civil Procedure that would provide for this.

My assistant is obtaining a copy of the status conference transcript. Hopefully, this will prove enlightening.

Lastly, I see no reason that we cannot schedule another mediation session at this time. Please let me know if this is agreeable, and I will try to start the process.

Very truly yours,

Michael Padway

MP07/nt

# MICHAEL PADWAY & ASSOCIATES

Other Offices:  
Los Angeles  
Ontario  
San Jose

January 10, 2008

Please Reply to:  
595 Market Street  
Suite 2520  
San Francisco, CA 94105  
(415) 777-1511  
Fax (415) 391-6080

Benton G. Peterson  
United States Attorney  
Judiciary Center Building         VIA FAX TO: 202-515-8780  
555 4th Street, N.W. - Civil Division  
Washington, D.C. 20530

Re: Nancy Ianitelli v. United States

Dear Mr. Peterson:

In a last attempt to resolve the expert fee issue without a motion, I am writing to advise you that I obtained a transcript of the August 7, 2007 status conference.

The transcript recites that the court summarized her understanding by saying, "So that is where we stand. Two depositions. The two of you talk and discuss the value of those depositions, and then we will have a status conference as to where we go next."

At that point, I indicated, "Great. It would be my hope that we could take those depositions on video take[sic] for use at trial givent he logistics."

When Judge Kessler asked if the government objected, you responded that "This is the firt time I'm hearing that, but at this point I don't have an objection to that. I don't think that that would be objectionable to do it by video taping it."

I realize that your recollection was that only plaintiff wanted the depositions. However, the record reflects that the discussion of depositions started when Judge Kessler asked if I had any information or reports on the thoracic outlet issue, and I resonded that we had the MRI, MRA [sic], and then added "I think really what is critical to get this case settled is the deposition of the diagnosing neurologist and the diagnosing radiologist be taken in San Francisco. We had hoped to get that done this summer."

After some discussion off topic, the court asked, "So does the government agree that those two depositions are crucial?" Your response was that, "In addition to an examination fo the plaintiff, yes. Those three activities are crucial to any mediation going forward and being successful".

Judge Kessler then noted that she had not made a scheduling order, and pulled the conversation together by saying, "Can we at this point agree that within a given time frame, which I can assure you I will set, that those two depositions and the IME will be completed and then - I will get to that in a minute, but tell me the time frame in which that can be done . . ."

In short, while I understand where you are coming from, the record reflects that I understood these depositions were being taken for use at trial. Further, at least at the time of the status conference, the government agreed that these depositions were "crucial".

In summary, I would appreciate it if you would re-consider your position and forward payment of expert witness fees at this time. Please make the check out to me, since I advanced these amounts so that the depositions would go forward.

Very truly yours,

Michael Padway

MNP/nt

```
**************************************************************************
*                           TRANSACTION REPORT                            *
*                                                    JAN-10-2008 THU 02:56 PM *
*                                                                         *
*   FOR: Michael Padway & Assoc.       415 546 4100                       *
*                                                                         *
*        SEND                                                             *
*   DATE  START     RECEIVER      TX TIME  PAGES TYPE   NOTE       M# DP  *
*                                                                         *
*   JAN-10 02:55 PM 12025148780      33"     3   FAX TX  OK         849   *
*                                                                         *
*                                     TOTAL :     33S  PAGES:   3         *
**************************************************************************
```

## MICHAEL PADWAY & ASSOCIATES

Other Offices:
Los Angeles
Ontario
San Jose

January 10, 2008

Please Reply to:
595 Market Street
Suite 2520
San Francisco, CA 94105
(415) 777-1511
Fax (415) 391-6080

Benton G. Peterson
United States Attorney
Judiciary Center Building          VIA FAX TO: 202-515-8780
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530

Re: Nancy Ianitelli v. United States

Dear Mr. Peterson:

In a last attempt to resolve the expert fee issue without a motion, I am writing to advise you that I obtained a transcript of the August 7, 2007 status conference.

The transcript recites that the court summarized her understanding by saying, "So that is where we stand. Two depositions. The two of you talk and discuss the value of those depositions, and then we will have a status conference as to where we go next."

At that point, I indicated, "Great. It would be my hope that we could take those depositions on video take[sic] for use at trial givent he logistics."

When Judge Kessler asked if the government objected, you responded that "This is the firt time I'm hearing that, but at this point I don't have an objection to that. I don't think that that would be objectionable to do it by video taping it."

I realize that your recollection was that only plaintiff wanted the depositions. However, the record reflects that the discussion of depositions started when Judge Kessler asked if I had any information or reports on the thoracic outlet issue, and I responded that we had the MRI, MRA [sic], and then added "I think really what is critical to get this case settled is the deposition of the diagnosing neurologist and the diagnosing radiologist be taken in San Francisco. We had hoped to get that done this summer."