UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NANCY IANNITELLI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-0975 (GK) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| Defendant | ) |
| | ) |

MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PAYMENT
OF EXPERT WITNESS FEES

**INTRODUCTION**

Defendant submits this memorandum in opposition to Plaintiff's Motion for Payment of Expert Witness Fees (the "Motion."). The Motion is not well-founded. Plaintiff has moved for payment for Expert Witness Fees under Federal Rule of Civil Procedure 26 concerning the depositions of Dr. Tracy Newkirk and Dr. Scott Werden. However, the depositions of those experts were not for the purposes of discovery but were meant to assist mediation. Therefore, the provisions of the Federal Rules concerning discovery procedure are not applicable here. However, as mediation can potentially be in the best interest of both parties, Defendant has offered a compromise to evenly share the expenses of the time it took to depose the experts at issue and has expressed its interest reaching a compromise. In response, Plaintiff filed the instant Motion.

ARGUMENT

## I. PLAINTIFF HAS VIOLATED THE MEET AND CONFER OBLIGATIONS UNDER THE LOCAL RULES AND THIS COURT'S ORDER BY FILING THE MOTION TO COMPEL

Plaintiff has disregarded the Local Rules and this Court's Order by filing her fee motion without conferring with defendant's counsel. Plaintiff's counsel certifies that he has satisfied this requirement. Defendant contends that he has not. Plaintiff's counsel did not consult with undersigned counsel before filing the instant motion as required by Local Civil Rule 7(m) and this Court's January 25, 2006 Scheduling Order in this case. See Fed. R. Civ. P. 37(a)(2)(B). Scheduling Order (July 15, 2005) at ¶11.

Failure to comply with the duty to confer requirement set forth in these rules is grounds for dismissing a motion to compel. See, e.g., U.S. ex rel. Hockett v. Columbia/HCA Healthcare, Corp., 498 F.Supp.2d 25, 34 (D.D.C.2007) (counsel's failure to attach a certification that she had conferred with opposing counsel before filing a motion seeking leave to file a surreply was grounds for denying the motion); Ellipso, Inc. v. Mann, 460 F.Supp.2d 99, 102 (D.D.C.2006) (denying discovery motions for failure to comply with LCvR 7(m)). Local Civil Rule 7(m), requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement." LCvR 7(m). The purpose of the Local Rule is to promote the resolution of as many litigation disputes as possible without

2

court intervention, or at least to force the parties to narrow the issues that must be brought to the court. United States ex rel. Pogue v. Diabetes Treatment Centers of America, 235 F.R.D. 521, 529 (D.D.C., 2006). The Local Rule requires that the parties "try[ ] in good faith to achieve its objectives," which means they must take "real steps to confer. United States ex rel. K & R Limited Partnership v. Massachusetts Housing Fin. Agency, 456 F.Supp.2d 46, 52 (D.D.C. 2006). Plaintiff has not made an attempt to make a good faith certification. For this reason alone, the Court should deny Plaintiff's motion.

The Local Rule is clear that compliance with the duty to confer requirement necessitates something more than an exchange of letters or a chain of e-mail correspondence; if the moving party does not discuss the anticipated motion with opposing counsel "in person or by telephone," then he has not followed the rule and the court may dismiss his motion. Pogue, 235 F.R.D. at 529 (D.D.C. 2006) (holding that parties who generated "an abundance of paper in corresponding about the underlying discovery disputes" but did not "discuss[ ] the motions in person of by phone" did not comply with Local Civil Rule 7(m)). Here, plaintiff never attempted to arrange a telephone conference concerning the issue. Therefore, as the moving party in Pogue plaintiff fails to satisfy the requirements of the LCvR 7(m).

Moreover, the Scheduling Order issued in this matter provides, in relevant part, as follows: "Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the Court. If Counsel are unable to resolve the

discovery dispute, counsel shall arrange a brief telephone conference with the Court by contacting chambers. Counsel shall **not** file a discovery motion without following the procedures set forth in this paragraph." (emphasis in the original).  Here, Plaintiff does not state in the instant motion that she made the required telephone contact with Judge Kessler's chambers.  Indeed, defendant is unaware of any attempt by the Plaintiff to comply with the Court's Order.  Again, this reason alone provides a basis for the Court to deny Plaintiff's instant motion.

## II. THE DEPOSITIONS OF DR. NEWKIRK AND DR. WERDEN WERE FOR PURPOSES OF MEDIATION

Plaintiff's Motion cites Federal Rule of Civil Procedure 26(b)(4)(C) for the proposition that the Defendant is obligated to pay for the depositions of Dr. Newkirk and Dr. Werden.[1] However, the depositions were not noticed pursuant to Federal Rule of Civil Procedure 30 (Pl. Mot. at 2) and were not conducted pursuant to the rule cited by the Plaintiff.  Accordingly Federal Rule of Civil Procedure 26(b)(4)(C) is not applicable.

As indicated on the record at both the depositions of Dr. Newkirk and Dr. Scott Werden, these experts were not deposed by defendant for the purpose of discovery, but instead for the purpose of justifying plaintiff's settlement position in mediation. (Pl. Mot. at 2).  The Court initially ordered these depositions, based upon Plaintiff's counsel's verbal offer to have the above mentioned experts deposed, before a second medical

---

[1] The Federal Rule states, in relevant part, "... the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent responding to discovery under this subdivision ..." Fed.R.Civ.P. 26(b)(4)(C).

exam would be Ordered and before the parties return to mediation . *See* Pl. Ex. 4 at 8,12. It is undisputed that Defendant conducted the depositions in order to comply with an Order of the Court and to facilitate mediation. Pl. Ex. 4 at 11-12. Indeed, these depositions took place over defendant's objection and warning that depositions without an examination of the Plaintiff would not be effective. *Id.*

Furthermore, Plaintiff's purported expert reports are not in compliance with the Federal Rules of Civil Procedure. Pursuant to Rule 26(a)(2)(B), Plaintiff was required to provide a signed written report prepared by the expert witness that contained: 1) a complete statement of all opinions to be expressed and the basis and reasons therefor; 2) the data or other information considered by the witness in forming the opinions; 3) any exhibits to be used as a summary of or support for the opinions; 4) the qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years; 5) the compensation to be paid for the study and testimony; and 6) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding 4 years. Plaintiff failed to comply with any of these enumerated prerequisites for proper expert reports. Instead, Plaintiff essentially provided bare reports with the respective signatures.[2] Defendant to this date has yet to receive an expert report that comports to Federal Rule 26(a)(2)(B) from Plaintiff. Ex. 1 (Plaintiff's September 1, 2006 letter).

---

[2] As a result of these failures, *inter alia,* Defendant had to spend time at the depositions asking questions that should have been answered by Plaintiff's expert report.

Plaintiff now implies that the expert reports were always meant to be used in litigation (Pl. Mot. at 3). But before the depositions, Plaintiff took the opposite position and specifically put Defendant on notice that the expert reports for these witnesses were not meant for litigation purposes. Plaintiff stated that the reports were only meant as a way "...to have meaningful settlement discussions." Ex. 1 (Plaintiff's September 1, 2006 letter). Accordingly, at the time, Defendant did not object to the facially inadequate "expert reports" based on Plaintiff's representation that they were never meant to be used in litigation in this matter. Thus, Plaintiff's own statements and representations to the Court make clear that the depositions of Dr. Newkirk and Dr. Werden were taken solely for mediation purposes and not pursuant to any Federal Rule. Thus, Defendant should not be made to bear the entire expense of those depositions when the benefit flowed to both parties.[3]

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion For Order to Pay Expert Witness Fees be denied, or, in the alternative, that the Court order the parties to share equally in the payment of those expert fees.

---

[3] Defendant has offered to pay for half the expense of the time it actually took to depose Drs. Newkirk and Werden. Ex. 2. (Excluding expert preparation time, see, U.S. ex rel. Fago v. M & T Mortg. Corp., 238 F.R.D. 3, (D.D.C. 2006) ). As noted above, Plaintiff never responded to this offer, but instead filed this instant Motion to Compel.

Respectfully Submitted,

_____
 JEFFREY A. TAYLOR, BAR # 498610
United States Attorney


_____
RUDOLPH  CONTRERAS, Bar # 434122
Assistant United States Attorney


_____/s_____
BENTON G. PETERSON,  Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.  Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
 Benton.Peterson@usdoj.gov

8