IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NANCY IANNITELLI,<br>107 LELY COURT<br>NAPLES, FL 34113 | )<br>)<br>)<br>) | |
| Plaintiff, | ) | NO.05-975 GK |
| | ) | |
| Vs | ) | CIVIL ACTION |
| | ) | |
| THE UNITED STATES OF AMERICA<br>DEPARTMENT OF THE INTERIOR | )<br>) | |
| | ) | |
| Defendant | )<br>) | |

PLAINTIFF'S MEMORANDUM IN REPLY
TO DEFENDANTS MEMORANDUM IN OPPPOSITION TO
PLAINTIFF'S MOTION FOR EXPERT FEES

**Introduction**

Defendant United States of America asks this court to avoid ruling on its refusal to pay expert witness fees on three grounds:

1) It claims that the depositions of the experts, which it agreed would be videotaped for use at trial, are somehow not depositions under the federal rules, a claim that has no support;

2) It claims that plaintiff's counsel, did not sufficiently "meet and confer" when, in fact, plaintiff's counsel discussed the issue with defendant's counsel in person, in multiple telephone calls, in letters back and forth (which asserted plaintiff's counsel's

1

intention to bring this motion if the government continued to refuse payment, in whole or in part), and offered to drop the motion if the government would reconsider its position; and;

3) It claims, correctly, that plaintiff's counsel did not set up a telephone call with the court. Plaintiff's counsel agrees that a telephone conference with the court should take place and asks that the court stay consideration of the motion pending such a telephone conference.

In contrast, Defendant United States filed its own motion, which is pending, for an order that plaintiff attend a second physical examination. With respect to that motion, defendant United States filed the motion without first providing:

1) The identity of the examiner; and,

2) The nature of the examination. Defendant seeks a six hour examination, with no detail on what is to take place during those six hours;

3) How the examination will differ, if at all, from the examination that has already occurred;

4) Why it is important that plaintiff be unaccompanied by any representative at the examination;

5) How this examination will differ from the prior defense physical examination;

6) What will take place, if anything, that will shed light on plaintiff's condition of thoracic outlet syndrome, and;

7) Why the first physical examination, which involved the same injury claims and complaints by plaintiff, was not sufficient?

Defendant United States did not meet or confer on any of these topics, nor did defendant United States precede its motion with a telephone conference as required by the rule it now cites to preclude plaintiff's motion for expert fees.

Plaintiff's counsel apologizes to the court for the failure to request a telephone conference as a condition precedent to the filing of the motion to compel, and asks that the court stay BOTH the current motion, and defendant's motion for a second defense physical examination, until a telephone conference on both discovery matters can be scheduled and completed.

## A. Plaintiff did not intentionally violate the court rule regarding a telephone conference.

Plaintiff's counsel noted that defendant United States had just recently filed its motion for a second defense physical examination, without first arranging a telephone conference with the court.

As with the instant motion, that motion was the subject of brief discussion as part of the recent status conference. Plaintiff's counsel therefore believed that it may be the practice of this court to accept such discussion as the equivalent of a telephone conference.

3

In order to clarify that issue, plaintiff's counsel instructed a staff member to contact the clerk about the prerequisites for filing this motion. Unfortunately, communication was poor, and the clerk advised that it is not the function of court clerks to explain the rules to counsel. This was not an unreasonable response, given that the communication to the clerk was unclear. Further, it is not the function of the court clerks to explain the rules to counsel. In any event, plaintiff's counsel then tracked the procedure used by defense counsel, and filed the instant motion.

### B. Plaintiff's counsel agrees that it would be beneficial to precede ruling on the motions with a telephone conference.

While plaintiff's injuries are unusual, they are by no means unique. A Google search for "Thoracic Outlet Syndrome" results in 261,000 hits. Thoracic Outlet Syndrome has been a fact of life in personal injury cases for decades. Recent advances in radiology have made such claims substantially easier to evaluate.

It should be possible to have meaningful settlement discussions based on the medical records, the deposition of plaintiff, the defense physical examination that has already occurred, the MRI/MRA/MRV diagnostic studies that were provided to defendant, the depositions of the radiologist who conducted them radiologic studies (and who is the president of the thoracic outlet society), and the neurologist who made the diagnosis.

While the parties have not been successful thus far in resolving the matter, it should not be necessary to have extensive motions and discovery merely to evaluate

4

plaintiff's medical situation. The parties do not agree on the pending discovery matters, but it would be desirable to expedite matters if possible.

**C. The Court should stay the pending motions pending a telephone conference. It is requested that the court also consider referring the matter for mediation, and instruct the mediator to explore what, if anything, needs to occur so that mediation will be successful.**

Both parties failed to schedule telephone conferences before bringing their respective discovery motions. The court may simply dismiss both motions, but may also stay hearing pending completion of telephone conferences.

In the alternative, a mediator may be able to resolve the pending discovery problems with the goal of getting this matter settled. The parties are in agreement that this matter should be resolved in mediation. Therefore, it is requested that the court consider referral to a mediator for settlement. The mediator could facilitate limited additional fact finding (and hopefully deal with the motion regarding expert witness fees) without further need for court intervention, in the context of mediating the entire action.

**Conclusion**

Plaintiff respectfully requests that the court, in the alternative, either:

1) Stay the pending motion for a second defense medical examination and the motion for payment of expert fees;

2) Schedule a telephone conference, and/or;

      3) Refer the entire matter to mediation, with the understanding that the mediator will mediate the discovery issues, and such limited fact finding as is necessary to successful mediation of the entire matter.

      Respectfully Submitted.

      /s/Michael Padway
      MICHAEL PADWAY

      DC Bar Number 479931
      California Bar Number 59824
      Michael Padway & Associates
      595 Market St. Ste. 2520
      San Francisco, CA 94105

      Telephone: 415-777-1511
      Attorneys for Plaintiff
      Nancy Iannitelli